The Honorable Bobby Tullis State Representative Box 277 Mineral Springs, Arkansas 71851
Dear Representative Tullis:
This is in response to your request for an opinion concerning an incoming mayor's authority to appoint a new chief of police. Specifically, you have asked:
 1) Under A.C.A. 14-43-504 can a mayor base his appointment of a police chief on political reasons? and
 2) If an incoming mayor refuses to appoint the person currently holding the office of police chief because of political reasons, have any constitutional rights of the police chief been violated?
Assuming that the city in question is one of the first class (to which 14-43-504 is applicable), with a population of less than 20,000 (otherwise civil service legislation applies), the answers to questions one and two above are, respectively, "yes" and "no".
Arkansas Code Annotated 14-43-504(e)(2) provides:
 Mayors shall have the power to choose and appoint the chief of the police department and chief of the fire department, who shall hold office until the following election for mayor, and until a successor is appointed by the incoming mayor, unless sooner removed for cause.
The statute does not set out any criteria to be used by the mayor for selection of the police chief. It must therefore be concluded that under 14-43-504, the mayor has an unqualified right to appoint the chief. this conclusion is consistent with Arkansas Attorney General Opinion No. 83-68, a copy of which is enclosed. Because the right is unqualified, the mayor may legally base his appointment on political motivations. Once appointed, the chief may only be removed by the council for cause. A.C.A.14-43-504(e)(3)(ii). This provision, however, does not apply to the expiration of the chief's term of office, only to his removal. It thus presents no impediment to the mayor's right to appoint a new chief.
A more lengthy analysis is necessary in order to determine whether an incumbent police chief's constitutional rights have been violated upon failure of reappointment by the new mayor. The only arguable constitutional violation in this situation is violation of the due process clause of the Fourteenth Amendment to the United States Constitution which provides that no state shall "deprive any person of life, liberty, or property without due process of law." Application of the due process clause depends upon whether an individual is being deprived of life, liberty, or property. No protection is afforded by the due process clause unless one of these interests is affected. The question of whether a property interest exists in public employment turns upon whether the individual has a sufficient expectancy of continued employment. Johnson v. City Council of Green Forrest Ark.,545 F. Supp. 43 (W.D.Ark. 1982). This question is governed by state law. Johnson, supra.
It is difficult if not impossible to say that a police chief could have a sufficient "expectancy" of continued employment in light of explicit state statutory provisions which provide for expiration of his term upon appointment of a successor by a new mayor. It is therefore my opinion that a police chief does not have a "property" interest in his office under these circumstances, and that therefore no constitutional rights of that chief are violated if he is not reappointed by the new mayor.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.